IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James M. Hunter, II, #41112-510, a/k/a James Maloyd Hunter, II,<br><br>                  Petitioner,<br><br>v.<br><br>Warden M. Joseph,<br><br>                  Respondent. | C/A No.: 5:24-5606-JDA-KDW<br><br>REPORT AND RECOMMENDATION |

James M. Hunter, II ("Petitioner") is a federal inmate housed at FCI Bennettsville, a facility of the Federal Bureau of Prisons. He filed this pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the Petition in this case without prejudice.

    I.    Factual and Procedural Background

On March 22, 2023, Petitioner entered a guilty plea to kidnapping. *United States v. Hunter,* C/A No.: 2:23-CR-00003 (E.D. Va. July 27, 2023), ECF No. 17. On July 26, 2023, the district court sentenced Petitioner to 144-months imprisonment. *Id.*, ECF No. 27. Petitioner filed a § 2255 Motion on July 26, 2024, that is currently pending in his sentencing court. *Id.*, ECF No. 35. Petitioner filed the instant petition on October 7, 2024, seeking a final judgment of discharge. ECF No. 1.

    II.    Federal Habeas Issues

Petitioner alleges:

<u>Ground One</u>: The order of the issuance of indictment and then warrant, in this exact

order, in case as to James Maloyd Hunter (II) (1) violates the 4th, 5th, and 6th Amendment of the Constitution for the United States of America.

ECF No. 1 at 6. Petitioner contends an indictment was returned on January 4, 2023, and filed in open court as to Petitioner on January 5, 2023. ECF No. 1-1 at 1. Petitioner alleges an arrest warrant was issued on January 5, 2023, and delivered to the United States Marshal. *Id.* Petitioner states he had his initial appearance on January 24, 2023, and a temporary detention order was entered on this same date. *Id.* Petitioner states on January 26, 2023, the arrest warrant was returned as executed on January 24, 2023. *Id.* at 2.

Petitioner challenges the process that was followed in issuing his indictment and arrest warrant. *Id.* Petitioner claims his arrest warrant was issued out of order in violation of the Fourth Amendment of the United States Constitution. *Id.* Petitioner contends his arrest warrant was "issued off the" indictment but the Constitution states an arrest warrant must come before an indictment. *Id*. Petitioner argues

> [t]o issue warrants based off an indictment, where both signers, the jury foreperson and U.S. Attorney, attest to a true bill, not made under oath or affirmation under penalty of perjury, affirming that all stated within to be true, correct, and complete, having first hand knowledge of the facts stated therein, is a clear violation of the 4th Amendment's restriction on the Federal Government's warrant issuing powers.

*Id.* at 3. Petitioner claims a defendant is first charged by a complaint, then arrested by warrant, and then tried by indictment. *Id.* Petitioner argues he was already adjudged guilty by indictment in violation of his Sixth Amendment right to a jury. *Id*. at 3–4. Petitioner requests a final judgment of discharge. *Id.* at 5.

II.   Discussion

   A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States

District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

Petitioner has a habeas petition pending before this court alleging identical facts and claims. *See Hunter v. Warden*, C/A No.: 5:24-4652-JDA (D.S.C Aug. 22, 2024) ("*Hunter I*").[2] As in the instant pleading, Plaintiff's habeas petition in *Hunter I* raises the identical habeas grounds as those raised in the instant petition. *Hunter I*, ECF No. 1. Because the issues involved in the habeas petition *sub judice* are currently before the court in *Hunter I*, this duplicate habeas petition is frivolous and subject to dismissal. *See Cottle v. Bell*, No. 00-6367, 2000 WL 1144623, at *1 (4th

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

[2] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (holding that the district court had the right to take judicial notice of a prior related proceeding); *see also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

Cir. Aug. 14, 2000) ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)."); *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1998) ("[D]istrict courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party."). Therefore, in the interests of judicial economy and efficiency, the instant habeas petition should be summarily dismissed. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the habeas petition without prejudice and without issuance and service of process.

       IT IS SO RECOMMENDED.

October 24, 2024                                              Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).